*385] *Lessee of Henry Hill *against* William West, Peter Thompson and Nicholas Young. Lessee of Hannah Moore *against* same defendants.

After a judgment in this court, removed by writ of error to the Court of Errors and Appeals and there *non prossed*, upon a suggestion filed, a rule will not be granted to plead thereto.

On cases stated, after argument, judgments were rendered for the plaintiff in both causes on the 29th December 1804. Writs of error were then taken out, returnable to July term 1805, in the High Court of Errors and Appeals; on which *non pros's* were entered 29th December 1806, and the records remitted from thence to this court, as well for execution as otherwise.

A suggestion was now filed on the part of the defendants, verified on oath, that Thompson died in 1793, and that Young died in August 1798.

A motion was now made, that the plaintiffs in both suits should plead to the suggestion.

This was objected to, on the ground that the defendants cannot assign for error matters of fact, after having assigned for error matters of law; but that at all events, errors cannot be assigned, which contradict the record.

Messrs. Ingersoll and Dallas, for the defendants now urged, that the writs of error had been taken out improvidently, and had been *non prossed* by themselves. They laboured under a technical difficulty, that cases only had been stated, and it had not been agreed, that they should be considered as special verdicts: In England, motions are now daily adopted to redress the party supposed to be injured, instead of proceeding by the ancient form of writs of *audita querela.* If no relief can be obtained here, the party is without remedy. Justice required, that the matter suggested should be examined into. We can find no precedent of a writ of error in Pennsylvania, returnable *coram nobis.* In Silver *v.* Shelback, 1 Dall. 165, a writ of error was brought to reverse a judgment in C. B. of the county of Philadelphia, wherein infancy was assigned for error, the defendant below having appeared in his proper person; and the opinion of the court, as delivered by M'KEAN, C. J., was, that

[Peart v. Phipps.]

the fact of infancy must be tried *per pais*.　1 Dall. 165, 166. In Palmer, pltf. in error *v.* Sparkes, in the High Court of Errors and Appeals on the 15th July 1801, Mr. President CHEW said this court cannot try a matter of fact ; but SHIPPEN, C. J. re-marked, *we do not say, there can be no case wherein the Court of Errors and Appeals cannot try a question of fact.　[*386 In Crawford *v.* Willing *et al.*, the jury found the principal sum, but submitted the point of ·interest to the court, and a sugges-tion was filed by consent.

　Mr. E. Tilghman, for the plaintiffs.　It is directed, that the record and proceedings shall be remitted by the High Court of Errors and Appeals into the Supreme Court, on the affirmance or reversal of judgments.　3 Dall. St. Laws 97, § 17.　In Craw-ford *v.* Willing *et al.*, the issue was formed by consent, and there-fore can form no precedent.

　The action was in account render.　How comes it, that in Palmer plaintiff in error *v.* Sparkes, the ingenious counsel did not adopt the plan of a suggestion, as has now been devised ? But we live in an age of novelty !　There is no reason why a writ of error *coram nobis* may not issue in this case, if the party can derive any benefit therefrom.

　BY THE COURT.　We do not feel ourselves authorised to grant a rule to plead on this suggestion.　The path is untrod-den ; the practice perfectly novel.　The parties have no day in court after judgment.　If the defendants here have a legal rem-edy by writ of error or otherwise, they have it in their power to pursue it ; but we give no opinion whatever upon it.　We are not disposed to follow a method, which has never been adopted either in England or this government within our knowledge.

Motion denied.

Cited in 1 Miles 49